### WESTINGHOUSE AIR BRAKE CO. v. CHRISTENSEN ENGINEERING CO.

(Circuit Court of Appeals, Second Circuit. February 25, 1904.)

1. PATENTS — VALIDITY AND INFRINGEMENT — VALVE MECHANISM FOR AIR BRAKES.

The Boyden patent, No. 481,134, for a valve mechanism for automatic air brakes, claim 2, as limited to the elements of the combination described and shown in the specification and drawings other than the graduating valve included in claim 11 is valid; also *held* infringed.

On Rehearing.
For former opinion, see 128 Fed. 437.
See 128 Fed. 749.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. Complainant and defendant have each filed a petition for rehearing. That of defendant raises no substantial questions other than those presented in its former brief and on the argument. These questions were not overlooked by the court in its disposition of the case.

The petition of defendant is denied.

The petition of complainant calls our attention to the statement in the opinion that claim 2, if narrowly construed, is identical with claim 11. The court understood complainant's counsel on the hearing to admit this to be the fact. Complainant's counsel now contends that said admission was inadvertent, and that the narrower claims 4 and 11, which were sustained, would not secure to complainant the benefit of the principal invention. We think this contention is correct. Claim 11 does in fact comprise the element of a graduating valve, not included in claim 2. We have never had any doubt as to the meritorious character of the invention in suit, or the validity of the patent therefor, and its infringement by defendant. In these circumstances a construction of the claims should be adopted, if possible, which will uphold the patent and protect the real invention. This may be accomplished in the present case by limiting claim 2 to the elements of the combination described and shown in the specifications and drawings other than the graduating valve. Claim 2, thus limited, is valid, and is sustained.

The decree of the Circuit Court is affirmed, with costs.